IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:06-CR-00022-RLV-CH-9

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| STERLING LEE DREW, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Drew's recent letter (Doc. 1063) and Motion to Reduce Sentence (Doc. 934).

Defendant pled guilty to conspiracy to possess with intent to distribute a quantity of cocaine base, more than 1.5 kilograms of which was known or reasonably foreseeable to him, and is presently serving a 120-month sentence, which is the mandatory statutory minimum. Believing himself entitled to a reduction of sentence pursuant to 18 U.S.C. § 3553(e) and section 5K1.1 of the United States Sentencing Guidelines in light of the substantial assistance he rendered, Defendant here asks the Court "to summon all parties before it and ascertain what the problem is and why [Defendant] has not been released" (Doc. 934 at 2).[1]

District courts are empowered, "[u]pon motion of the Government," to impose a sentence below the statutory minimum "to reflect a defendant's substantial assistance to the investigation or prosecution of another person who has committed an offense." 18 U.S.C. § 3553(e). Similarly,

---

[1] Though Defendant refers only to section 5K1.1, which does not permit the Court to depart below the statutory minimum sentence absent an additional motion by the Government under section 3553(e), *United States v. Johnson*, 393 F.3d 466, 470 n.4 (4th Cir. 2004) (citing *Melendez v. United States*, 518 U.S. 120, 129–31 (1996)), the Court construes the Motion to place both provisions in issue.

1

section 5K1.1 of the Guidelines permits district courts to craft a sentence below the minimum otherwise required "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." Thus, under both section 3553(e) and section 5K1.1, the Court's authority to depart is conditioned upon the Government's filing a "substantial assistance" motion. *See Wade v. United States*, 504 U.S. 181, 185 (1992) (noting that the plain language of these provisions "gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted"). And unless the Government's failure to file a substantial assistance motion is "based on an unconstitutional motive," such as racial or religious animus, is "not rationally related to any legitimate Government end," *Id.* at 185–86, or is in breach of its explicit promise to make such a motion, *Untied States v. Conner*, 930 F.2d 1073, 1075–77 (4th Cir. 1991), district courts have no authority to review a prosecutor's refusal to file a substantial assistance motion and grant a remedy.

Here, the Government's basis for declining to file a substantial-assistance motion is yet unknown to the Court. Before ruling on Defendant's Motion, the Court would hear from the Government regarding its view on any assistance provided by Defendant.

**IT IS, THEREFORE, ORDERED** that the Government submit, within fourteen days of the date on which this order is filed, a brief response to Defendant Drew's Motion to Reduce Sentence. (Doc. 934.) Decision on the Motion shall be stayed pending receipt.

Signed: January 24, 2013

Richard L. Voorhees
United States District Judge