UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO.: 5:06CR22

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STERLING LEE DREW | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g), filed April 4, 2008. (Doc. 705.) The Government responded to Defendant's Motion on May 13, 2008. (Doc. 728.)

As was the case here, when the government commences administrative forfeiture (non-judicial forfeiture), Section 983 mandates that the government send written notice to interested parties within 60 days of seizure of the property to be forfeited. Defendant argues that he is due $4,912.00 in United States currency because the Government failed to comply with the notice provisions required by 18 U.S.C. § 983(a)(1)(A)(i).

The record shows that the Government provided written notice to Defendant in letters sent by certified mail to three different addresses on June 27, 2006, forty-eight days after the seizure. (Doc. 728-2). In addition to these three letters, Defendant's own Motion provides a fourth copy of written notice from the Government that was addressed to Defendant's attorney, F. Lane Williamson. (Doc. 705 at 11.)

Because the Government complied with the requirements of notice provided in United States Code, Section 983(a)(1)(A)(i), Defendant's motion is denied.

**THEREFORE,** Defendant's Motion for Return of Property is hereby **DENIED.**

Signed: February 5, 2014

Richard L. Voorhees
United States District Judge